**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**EASTERN DIVISION**

**BOBBY RICHARDSON**                                                            **PLAINTIFF**

**V.**                          **CIVIL ACTION NO. 1:09-CV-237-SA-JAD**

**BABCOCK & WILCOX**                                              **DEFENDANT**

## MEMORANDUM OPINION

Presently before the Court is Defendant's Motion for Summary Judgment [16]. For the reasons stated below, the motion is granted.

### I. BACKGROUND

According to Plaintiff's EEOC charge of discrimination, Plaintiff was an employee of Babcock & Wilcox Power Generation Group, Inc. (Babcock) in West Point, Mississippi. This is a Title VII retaliation case. Plaintiff claims that he was terminated and - upon reinstatement after a union grievance - denied back pay because of an earlier complaint of discrimination. However, Plaintiff provided no factual details of the earlier complaint. Indeed, his Complaint and charge of discrimination include no facts whatsoever regarding race or any other characteristic which Title VII makes an impermissible basis for employment actions. However, Defendant has provided further facts to fill the gaps in Plaintiff's pleading.

In 2002, Plaintiff filed a lawsuit against Babcock alleging that he was wrongfully suspended because of his race. See Complaint, Richardson v. Babcock & Wilcox, No. 1:02-CV-116-GHD (N.D. Miss. Apr. 8, 2002), ECF No. 1. The Court resolved that case in favor of Babcock at the summary judgment stage. See Order Granting Motion for Summary Judgment, Richardson v. Babcock & Wilcox, No. 1:02-CV-116-GHD (N.D. Miss. Sept. 11, 2003), ECF No. 13.

In February 2003, Plaintiff was terminated for purportedly not working for a period of at least one hour while he was on the clock. He filed a union grievance. On June 11, 2003, an arbitrator reinstated Plaintiff. Plaintiff then filed a lawsuit against Babcock, alleging that his termination was in retaliation for his 2002 lawsuit. See Complaint, Richardson v. Babcock & Wilcox, No. 1:03-CV-320-GHD-JAD (N.D. Miss. Sept. 19, 2003), ECF No. 3. The Court again resolved the case in favor of Babcock at the summary judgment stage. See Order Granting Motion for Summary Judgment, Richardson v. Babcock & Wilcox, No. 1:03-CV-320-GHD-JAD (N.D. Miss. Nov. 23, 2004), ECF No. 16.

Plaintiff was terminated again in May 2007, for purportedly returning late from his lunch break. He filed a union grievance, and an arbitrator reinstated him on May 16, 2008. Plaintiff now alleges that he was terminated in December 2008, because a supervisor falsely stated that he had taken longer breaks than were permitted. He filed a union grievance. An arbitrator reinstated Plaintiff to his former employment on June 8, 2009. However, the arbitrator denied Plaintiff back pay for the period of time he was out of work.

Plaintiff filed his charge of discrimination with the EEOC on June 2, 2009. The EEOC issued a right-to-sue letter on July 10, 2009, and Plaintiff filed the present action on October 23, 2009. Defendant filed its motion for summary judgment on March 12, 2010, and Plaintiff failed to respond. Therefore, the motion is ripe for review.

## II. SUMMARY JUDGMENT STANDARD

"Summary judgment is appropriate when the evidence shows that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Salinas v. AT&T Corp., 314 F. App'x 696, 697 (5th Cir. 2009) (quoting FED. R. CIV. P. 56(c)). "An issue of

material fact is genuine if a reasonable jury could return a verdict for the nonmovant." Agnew v. Washington Mut. Fin. Group, LLC, 244 F. Supp. 2d 672, 675 (N.D. Miss. 2003) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986)).

If a movant shows that there is no genuine issue of material fact, the nonmovant must "go beyond the pleadings and by . . . affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" Celotex Corp v. Catrett, 477 U.S. 317, 324, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986) (quoting FED. R. CIV. P. 56(c), (e)). "When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must . . . set out specific facts showing a genuine issue for trial." FED. R. CIV. P. 56(e)(2). "Conclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial." Oliver v. Scott, 276 F.3d 736, 744 (5th Cir. 2002).

The Court is not to weigh the evidence or engage in credibility determinations. Anderson, 477 U.S. at 249, 106 S. Ct. 2505; Deville v. Marcantel, 567 F.3d 156, 164 (5th Cir. 2009). "[T]he court must view the facts in the light most favorable to the non-moving party and draw all reasonable inferences in its favor." Deville, 567 F.3d at 164.

### III. TITLE VII RETALIATION

Plaintiff asserts that the December 2008 termination and subsequent denial of back pay after reinstatement were retaliation for an earlier complaint of discrimination. Although Plaintiff provided no specific details in his Complaint, the Court will assume that Plaintiff refers to the lawsuits of 2002 and 2003.

3

"Under Title VII, a plaintiff can prove a claim of . . . retaliation by either direct or circumstantial evidence." Staten v. New Palace Casino, LLC, 187 F. App'x 350, 357 (5th Cir. 2006). To survive summary judgment, Plaintiff "must produce evidence of a *prima facie* case of retaliation by demonstrating: '(1) he engaged in an activity that Title VII protects; (2) he was subjected to an adverse employment action; and (3) a causal connection exists between the protected activity and the adverse employment action.'" Ajao v. Bed Bath & Beyond, Inc., 265 F. App'x 258, 264 (5th Cir. 2008) (quoting LeMaire v. La. Dep't of Transp. & Dev., 480 F.3d 383, 388 (5th Cir. 2007)).

Plaintiff has not produced any evidence beyond his own belief that a causal connection exists between his prior complaints and his termination and denial of back pay upon reinstatement. "[C]onclusory allegations, speculation, and unsubstantiated assertions are inadequate to satisfy" Plaintiff's burden in opposing summary judgment. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1429 (5th Cir. 1996) (en banc). "Plaintiff's subjective belief of . . . retaliatory motive is insufficient." Malouse v. Winter, 338 F. App'x 356, 359 (5th Cir. 2009) (citing Septimus v. Univ. of Houston, 399 F.3d 601, 611 (5th Cir. 2005); Byers v. Dallas Morning News, Inc., 209 F.3d 419, 427 (5th Cir. 2000)).

## IV. CONCLUSION

For the reasons stated above, the Court grants Defendant's Motion for Summary Judgment [16]. An order consistent with this opinion shall be entered on this, the 14th day of September, 2010.

/s/ Sharion Aycock  
**UNITED STATES DISTRICT JUDGE**